UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MARVIN BIVER, individually
and on behalf of all others
similarly situated,

      Plaintiff,

v.                              Case No. 8:14-cv-250-T-33TGW

NICHOLAS FINANCIAL, INC.;
PETER L. VOSOTAS; RALPH T.
FINKENBRINK; STEPHEN BRAGIN;
SCOTT FINK; ALTON R. NEAL;
PROSPECT CAPITAL CORPORATION;
WATERSHED ACQUISITION LP;
0988007 B.C., UNLIMITED LIABILITY
COMPANY; AND WATERSHED OPERATING
LLC,

      Defendants.
_____/

RICHARD ABRONS, individually
and on behalf of all others
similarly situated,

      Plaintiff,

v.                              Case No. 8:14-cv-583-T-33TGW

NICHOLAS FINANCIAL, INC.;
PETER L. VOSOTAS; RALPH T.
FINKENBRINK; STEPHEN BRAGIN;
SCOTT FINK; ALTON R. NEAL;
PROSPECT CAPITAL CORPORATION;
WATERSHED ACQUISITION LP;
0988007 B.C., UNLIMITED LIABILITY
COMPANY; AND WATERSHED OPERATING
LLC,

      Defendants.
_____/

**ORDER**

This cause comes before the Court in consideration of the Motion of Marvin Biver and Richard Abrons for Appointment as Lead Plaintiff, Approval of Selection of Co-Lead Counsel, and Consolidation of Related Actions. (Case No. 8:14-cv-250 Doc. # 61; Case No. 8:14-cv-583 Doc. # 33).[1] The Motion seeks an Order (1) appointing Biver and Abrons as lead plaintiffs; (2) approving their selection of Abbey Spanier, LLP and Robbins Geller Rudman & Dowd, LLP as co-lead counsel; and (3) consolidating Case No. 8:14-cv-583, filed on March 10, 2014, with an earlier-filed action, Case No. 8:14-cv-250, filed on February 3, 2014. For the reasons stated below, the Motion is granted.

**I.   Background**

Defendant Nicholas Financial, Inc. is a Canadian holding company incorporated under the laws of British Columbia, and it maintains its corporate headquarters in Clearwater, Florida. (Case No. 8:14-cv-250 Doc. # 1 at ¶ 13; Case No. 8:14-cv-583 Doc. # 1 at ¶ 10). On December 18, 2013, Nicholas Financial announced that its Board of Directors entered into

---

[1] Biver and Abrons filed the instant Motion in both Case No. 8:14-cv-250 and Case No. 8:14-cv-583. For clarity, the Court will cite to the Motion as Doc. # 61, the docket number assigned to the Motion in Case No. 8:14-cv-250.

an "Arrangement Agreement" with Defendant Prospect Capital Corporation. (Case No. 8:14-cv-250 Doc. # 1 at ¶ 41; Case No. 8:14-cv-583 Doc. # 1 at ¶ 56). As a result, "each Nicholas Financial shareholder will be entitled to receive, for each share of Nicholas Financial they currently hold, a number of common shares of Prospect Capital determined by dividing (i) $16.00 by the (ii) volume-weighted average price of Prospect Capital stock on the NASDAQ exchange for the 20 trading days prior to and ending on the trading day immediately preceding the effective time. . . ." (Doc. # 61 at 4).

On January 14, 2014, Defendants filed a Registration Statement with the Securities & Exchange Commission. (Case No. 8:14-cv-250 Doc. # 1 at ¶ 55; Case No. 8:14-cv-583 Doc. # 1 at ¶ 60). The Registration Statement describes the purported process by which the Board of Directors agreed to sell Nicholas Financial to Prospect Capital. (Id.). The Registration Statement also includes a summary of the financial analyses performed by Nicholas Financial's financial advisor, Janney Montgomery Scott LLC, which the Board of Directors allegedly relied upon in making its determination. (Id.).

According to the Complaints, the Registration Statement contains material misstatements and omits material facts,

3

thus precluding Nicholas Financial shareholders from casting an informed vote in connection with the proposed transaction with Prospect Capital and its affiliates. (Case No. 8:14-cv-250 Doc. # 1 at ¶ 56; Case No. 8:14-cv-583 Doc. # 1 at ¶ 60).

Biver filed Case No. 8:14-cv-250 on February 3, 2014, and Abrons filed Case No. 8:14-cv-583 on March 10, 2014. Thereafter, Biver and Abrons filed the present Motion, which seeks an Order (1) appointing Biver and Abrons as lead plaintiffs; (2) approving their selection of Abbey Spanier, LLP and Robbins Geller Rudman & Dowd, LLP as co-lead counsel; and (3) consolidating Case No. 8:14-cv-583 with an earlier-filed action, Case No. 8:14-cv-250.

The instant Motion was filed on April 11, 2014. Pursuant to Local Rule 3.01(b) and Federal Rule of Civil Procedure 6(d), the deadline for a party in either action to file a response in opposition to the Motion was, at the latest, April 28, 2014. No party filed such a response to the Motion within the time provided by the Rules. Accordingly, the Court considers the Motion to be unopposed. However, despite the Motion being unopposed, this Court will review the request to consolidate the actions and applications for the appointment of lead plaintiffs and co-lead counsel. See Burke v. Ruttenberg, 102 F. Supp. 2d 1280, 1329 (N.D. Ala. 2000)(citing

4

to In re Nice Sys. Sec. Litig., 188 F.R.D. 206, 221(D.N.J. 1999)(finding that in spite of the fact that the motion to appoint lead plaintiff was unopposed, the court "bore an obligation to review applications for the appointment of lead plaintiff.")).

**II. Consolidation**

Federal Rule of Civil Procedure 42(a) states: "If actions before the court involve a common question of law or fact, the court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay."

In Hendrix v. Raybestos-Manhattan, Inc., the Eleventh Circuit noted that Rule 42 "is a codification of a trial court's inherent managerial power 'to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.'" 776 F.2d 1492, 1495 (11th Cir. 1985)(quoting In re Air Crash Disaster at Fla. Everglades, 549 F.2d 1006, 1012 (5th Cir. 1977)).

A trial court's decision to consolidate similar cases is purely discretionary. Id. However, in determining whether to employ the consolidation provisions of Rule 42(a), Fed. R. Civ. P., the trial court must assess:

5

> [W]hether the specific risks of prejudice and possible confusion are overborne by the risk of inconsistent adjudications of common factual and legal issues, the burden on parties, witnesses and available judicial resources posed by multiple lawsuits, the length of time required to conclude multiple suits as against a single one, and the relative expense to all concerned of the single-trial, multiple-trial alternatives.

Hendrix, 776 F.2d at 1495.

As Biver and Abrons explain, "[t]hese Actions present virtually identical factual and legal issues, assert identical claims under the securities laws, and name the same defendants. Because these Actions are based on the same facts and involve the same subject matter, the same discovery will be relevant to all lawsuits. Thus, consolidation is appropriate here." (Doc. # 61 at 11).

As there has been no response filed to the present Motion, the Court only has the benefit of the arguments set forth by Biver and Abrons. In accord with the arguments provided by Biver and Abrons, the Court agrees that consolidation is appropriate in this case, and as a result, the Court determines that it is suitable to consolidate the cases so that this entire matter will proceed under the first filed action, Case No. 8:14-cv-250.

6

### III. Appointment of Lead Plaintiffs

Congress enacted the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4, "to remedy perceived abuses in the securities class action litigation." <u>Vincelli v. Nat'l Home Health Care Corp.</u>, 112 F. Supp. 2d 1309, 1313 (M.D. Fla. 2000). "Specifically, the PSLRA provides certain guidelines for identifying the plaintiff or plaintiffs who are the most strongly aligned with the class of shareholders, and most capable of controlling the selection and actions of counsel." <u>Id.</u>

The movants seek the appointment of Biver and Abrons as lead plaintiffs in the consolidated case. Pursuant to 15 U.S.C. § 78u-4(a)(3):

 (a) Private class actions

* * *

 (3) Appointment of lead plaintiff

 (A) Early notice to class members

  (i) In general

  Not later than 20 days after the date on which the complaint is filed, the plaintiff or plaintiffs shall cause to be published, in a widely circulated national business-oriented publication or wire service, a notice advising members of the purported plaintiff class –

7

>> (I) of the pendency of the action, the claims asserted therein, and the purported class period; and
>>
>> (II) that, not later than 60 days after the date on which the notice is published, any member of the purported class may move the court to serve as lead plaintiff of the purported class.
>
> (ii) Multiple actions
>
> If more than one action on behalf of a class asserting substantially the same claim or claims arising under this chapter is filed, only the plaintiff or plaintiffs in the first filed action shall be required to cause notice to be published in accordance with clause (i).
>
> (iii) Additional notices may be required under Federal rules
>
> Notice required under clause (i) shall be in addition to any notice required pursuant to the Federal Rules of Civil Procedure.

(B) Appointment of lead plaintiff

> (i) In general
>
> Not later than 90 days after the date on which a notice is published under subparagraph (A)(i), the court shall consider any motion made by a purported class member in response to the notice, including any motion by a class member who is not individually named as a plaintiff in the complaint or complaints, and shall appoint as lead plaintiff the member or members of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members (hereafter in this paragraph referred to as the "most adequate plaintiff") in accordance with this subparagraph.

8

* * *

(iii) Rebuttable presumption

   (I) In general

   Subject to subclause (II), for purposes of clause (i), the court shall adopt a presumption that the most adequate plaintiff in any private action arising under this chapter is the person or group of persons that

   (aa) has either filed the complaint or made a motion in response to a notice under subparagraph (A)(i);

   (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and

   (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

   (II) Rebuttal evidence

   The presumption described in subclause (I) may be rebutted only upon proof by a member of the purported plaintiff class that the presumptively most adequate plaintiff –

   (aa) will not fairly and adequately protect the interests of the class; or

   (bb) is subject to unique defenses that render such plaintiff incapable of adequately representing the class.

15 U.S.C. § 78u-4(a)(3).

As set forth above, 15 U.S.C. § 78u-4(a)(3)(B)(iii) allows the Court to adopt a rebuttable presumption that the

9

most adequate "lead plaintiff" is the person or group of persons that (1) has filed the complaint or made a motion in response to the notice; (2) has the largest financial interest in the relief sought by the purported class; and (3) otherwise satisfies the requirements of Fed. R. Civ. P. 23(a). Accordingly, the Court will analyze whether Biver and Abrons satisfy these requirements, and therefore, whether the rebuttable presumption is appropriate in this case.

### A. Notification Requirement

In the instant case, the notification requirement has been met. The Biver action was the initial action filed. Pursuant to 15 U.S.C. § 78u-4(a)(3)(A)(i), Biver, as the plaintiff, was required to publish, "in a widely circulated national business-oriented publication or wire service," a notice advising members of the purported class of (1) the pendency of the action, the claims asserted therein, and the purported class period and (2) their right to file a motion to serve as lead plaintiff of the purported class.

On February 10, 2014, Biver published a notice regarding the pendency of these actions on Business Wire, a national, business-oriented newswire service. See (Doc. # 61-2). The notice adequately apprised members of the proposed class of

their right to move the Court to serve as lead plaintiff or plaintiffs no later than 60 days from the date of publication.

Pursuant to 15 U.S.C. § 78u-4(a)(3)(A)(i), the time period in which purported class members had to move to be appointed lead plaintiffs expired on April 11, 2014. The present Motion was filed on April 11, 2014. As there has been no objection to the timeliness of the Motion, the Court finds that the present Motion was timely filed.

**B. Largest Financial Interest Requirement**

According to 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb), a rebuttable presumption of adequacy arises where the "group of persons" having the largest financial interest among the named plaintiffs in the class action seeks appointment as lead plaintiff. See 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb). As stated in their signed certifications, the movants collectively hold 23,565 shares of Nicholas Financial common stock. (Doc. # 61-3). "Upon information and belief, there are no other movants with a larger financial interest in actions." (Doc. # 61 at 7). From review of the submissions, the Court determines that Biver and Abrons, collectively, have the largest financial interest in the instant litigation.

**C. Fed. R. Civ. P. 23 Requirements**

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc) also allows for a rebuttable presumption of adequacy when the proposed lead plaintiffs demonstrate that they "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." See 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc).

Rule 23(a) provides:

One or more members of a class may sue or be sued as representative parties on behalf of all members only if:

(1) the class is so numerous that joinder of all members is impracticable,

(2) there are questions of law or fact common to the class,

(3) the claims or defense of the representative parties are typical of the claims or defenses of the class, and

(4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a).

According to the present Motion,

Of the four prerequisites to class certification, only two – typicality and adequacy – directly address the personal characteristics of the class representative. Consequently, in deciding a motion to serve as lead plaintiff, the Court should limit its inquiry to the typicality and adequacy prongs of Rule 23(a), and defer examination of the remaining requirements until the lead plaintiff moves for class certification.

(Doc. # 61 at 8).  As the present Motion is unopposed, the Court only has the benefit of the movant's position on this matter. As a result, the Court adopts the movants' contention and will inquire only as to the typicality and adequacy prongs of Rule 23(a). See Vincelli, 112 F. Supp. at 1317-18(addressing only the typicality and adequacy prongs and finding that the proposed lead plaintiffs adequately demonstrated each prerequisite).

In order to establish typicality, "there must be a nexus between the class representative's claims or defenses and the common questions of fact or law which unite the class." Kornberg v. Carnival Cruise Lines, Inc., 741 F.2d 1332, 1337 (11th Cir. 1984). "A sufficient nexus is established if the claims or defenses of the class and the class representative arise from the same event or pattern or practice and are based on the same legal theory." Id. When the class representative's injury is different from that of the rest of the class, his claim is not typical and he cannot serve as the class representative. Murray v. Auslander, 244 F.3d 807, 811 (11th Cir. 2001). Moreover, when proof of the class representative's claim would not necessarily prove the claims of the proposed class members, the class representative does not satisfy the typicality requirement. Brooks v. S. Bell

13

Tel. & Tel. Co., 133 F.R.D. 54, 58 (S.D. Fla. 1990). "Typicality, however, does not require identical claims or defenses." Kornberg, 741 F.2d at 1337. "A factual variation will not render a class representative's claim atypical unless the factual position of the representative markedly differs from that of other members of the class." Id.

Furthermore, the adequacy prong requires that the class representatives have common interests with the non-representative class members and requires that the representatives demonstrate that they will vigorously prosecute the interests of the class through qualified counsel. Piazza v. Ebsco Indus. Inc., 273 F.3d 1341, 1346 (11th Cir. 2001). Thus, the adequacy of representation analysis involves two inquiries: "(1) whether any substantial conflicts of interest exist between the representatives and the class, and (2) whether the representatives will adequately prosecute the action." Valley Drug Co. v. Geneva Pharm., Inc., 350 F.3d 1181, 1189 (11th Cir. 2003)(quoting In re HealthSouth Corp. Sec. Litig., 213 F.R.D. 447, 460-61 (N.D. Ala. 2003)). "The existence of minor conflicts alone will not defeat a party's claim to class certification." Valley Drug Co., 350 F.3d at 1189. Rather, "the conflict must be a

14

fundamental one going to the specific issues in controversy." Id.

Upon review, the movants have sufficiently demonstrated, at this preliminary stage, that they meet the typicality and adequacy prongs. The movants have satisfied the typicality requirement by: (1) demonstrating that they held common stock in Nicholas Financial at the time the proposed transaction was announced, as did the purported class members; (2) providing that they will suffer the same harm as the prospective class members as a result of Defendants' alleged misconduct; and (3) maintaining that their claims and the claims of other prospective class members arise out of the same course of events and are based on the same legal theories. (Doc. # 61 at 9).

Furthermore, the movants have satisfied the adequacy prerequisite by providing that "the interests of the movants are clearly aligned with the members of the Class, and there is no evidence of any antagonism between [m]ovants' interests and those of the other members of the Class." (Id.). Moreover, "[m]ovants have taken significant steps demonstrating that they will protect the interest of the [C]lass: they have retained competent and experienced counsel to prosecute these claims" and shown the willingness and ability to vigorously

prosecute the actions. (Id. at 9-10). Therefore, at this preliminary stage, this Court finds that Biver and Abrons have adequately demonstrated the typicality and adequacy requirements of Fed. R. Civ. P. 23(a).

As set forth above, the Court has determined that Biver and Abrons have satisfied the elements necessary to give rise to the rebuttable presumption that they are the "most adequate" lead plaintiffs. This presumption has not been rebutted by proof that the movants "will not fairly and adequately protect the interests of the class" or "[are] subject to unique defenses that render such plaintiff[s] incapable of adequately representing the class." See 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II). Therefore, for the reasons stated above, the Court appoints Biver and Abrons as lead plaintiffs in the consolidated action.

## IV. Lead Counsel

15 U.S.C. § 78u-4(a)(3)(B)(v) vests authority in the lead plaintiff to select and retain lead counsel, subject to Court approval. See 15 U.S.C. § 78u-4(a)(3)(B)(v). The movants seek approval of their selection of Abbey Spanier, LLP and Robbins Geller Rudman & Dowd, LLP as co-lead counsel. According to the Motion, "[b]oth firms have extensive experience in the area of securities litigation and have

16

successfully prosecuted numerous securities fraud class actions on behalf of injured investors. Thus, the Court may be assured that by granting this Motion, the Class will receive the highest caliber of legal representation." (Doc. # 61 at 10)(internal citation omitted). As this Court has not been provided with any reason to doubt the skill, experience, and qualifications of chosen counsel, the Court approves the movants' selection of Abbey Spanier, LLP and Robbins Geller Rudman & Dowd, LLP as co-lead counsel for lead plaintiffs and the potential class.

Accordingly, it is

**ORDERED**, **ADJUDGED**, and **DECREED**:

(1) The Motion of Marvin Biver and Richard Abrons for Appointment as Lead Plaintiff, Approval of Selection of Co-Lead Counsel, and Consolidation of Related Actions (Case No. 8:14-cv-250 Doc. # 61; Case No. 8:14-cv-583 Doc. # 33) is **GRANTED.**

(2) The Clerk is directed to **CONSOLIDATE** Case No. 8:14-cv-250-T-33TGW and Case No. 8:14-cv-583-T-33TGW for all further proceedings.

(3) This action shall proceed under the lead case of 8:14-cv-250-T-33TGW, and all future pleadings shall be filed in that case.

(4) The Clerk is directed to **CLOSE** Case No. 8:14-cv-583-T-33TGW.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 30th day of April, 2014.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies: All Counsel of Record